JOURNAL ENTRY AND OPINION
{¶ 1} Harrison Tackett ("Tackett") appeals his conviction and sentence received in the Cuyahoga County Common Pleas Court. Tackett argues that he did not voluntarily, intelligently or knowingly plead guilty, that the sexually oriented offender label is unconstitutional as applied to the facts of his case, and that his trial counsel rendered ineffective assistance. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arises out of events that occurred in the early morning hours of December 25, 2003, between Tackett and the victim, Diana Gancov ("Gancov"). Gancov had been living with Tackett for the past twelve years in the house Tackett owned at 4925 Mead Avenue. Also living with Tackett and Gancov was their three-year-old daughter and Gancov's fourteen-year-old daughter from a previous relationship.
 {¶ 3} During the trial, both Tackett and Gancov expressed different positions as to the status of their relationship. Tackett claimed that even though they were never married, he occasionally referred to Gancov as his wife, that he slept both on the couch and in the bedroom, and that he and Gancov had sexual relations up until the night of the offense. Gancov claimed that she told Tackett one year before December 25, 2003, that she did not want to engage in sexual relations with him, that she slept in their bedroom alone while Tackett slept on the couch, and that she placed a lock on the bedroom door to keep Tackett from entering the bedroom while she slept.
 {¶ 4} On the night of December 24, 2003, Gancov testified that she and her two daughters attended a party at a neighbor's house down the street. Tackett did not attend this party, but he did call Gancov and asked her to return home to open the presents he bought for her and the children. Gancov did not leave as requested and admitted that she consumed approximately six to eight beers and that she was intoxicated. When Gancov returned home from the party, she and the children opened the presents and then went to bed. Tackett and Gancov's three-year-old daughter slept in the bedroom with Gancov while her other daughter slept on the couch in the main room. Tackett was not inside the house when Gancov and the girls went to sleep, and Gancov could not remember whether she locked the bedroom door that evening. Gancov stated that sometime during the night, she awoke to find Tackett on top of her having sex. Gancov stated that she pushed Tackett off of her and screamed that she was going to call the police, which she eventually did.
 {¶ 5} Tackett claims that on the night of the offense, he was drinking with a friend named Kyle who lived in the camper parked in Tackett's backyard. When he entered his house, he saw that Gancov and the girls had opened his presents. Tackett stated that he picked up the necklace he purchased for Gancov, entered the bedroom and gave it to her. He said that Gancov kissed him and they engaged in foreplay and then consensual sex. Tackett claimed he left the bedroom to smoke a cigarette and when he returned to the room to lie down, Gancov went into a frenzy and accused him of rape.
 {¶ 6} The Cleveland Police arrested Tackett, and the Cuyahoga County Grand Jury indicted him with two counts of rape, three counts of sexual battery, and one count of kidnapping. Tackett pleaded not guilty and the case proceeded to trial. At the close of the State of Ohio's case, Tackett's counsel moved for a Rule 29 judgment of acquittal, which the trial court granted insofar as it pertained to count three, the charge of kidnapping. The trial court denied the motion as to the remaining charges. At the close of the evidence, Tackett's counsel renewed its motion for acquittal, which the trial court denied.
 {¶ 7} The trial court then submitted the case to the jury. After deliberating, the jury reached verdicts on three of the five remaining counts but were "hopelessly deadlocked" on count four[1] and count five.[2] The trial court accepted the jury's not guilty verdicts as to counts one, two, and six, and declared the jury hung as to counts four and five.
 {¶ 8} At a pretrial hearing on March 24, 2004, the State of Ohio agreed to amend the sexual battery charge in count five to a charge of gross sexual imposition and to dismiss the rape charge in count four in exchange for Tackett's agreement to plead guilty to the amended count five. Tackett agreed and pleaded guilty to gross sexual imposition. The trial court then referred the matter to the probation department and scheduled the sexual offender hearing and sentencing.
 {¶ 9} On April 21, 2004, the lawyers for the State of Ohio and for Tackett stipulated that Tackett was a sexually oriented offender. As a result, the trial court labeled him as such and informed him of his registration requirements. The trial court then sentenced Tackett to five years of community controlled sanctions under the sexual offender supervision unit. A short time later, the trial court found that Tackett violated the terms and conditions of his community controlled sanctions on two separate occasions. The trial court terminated his community controlled sanctions and sentenced him to one-year imprisonment.
 {¶ 10} While incarcerated, Tackett filed a motion with this court for delayed appeal, which this court granted. Tackett's appointed counsel then filed this appeal, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 11} In his first assignment of error, Tackett argues the following:
"Tackett's guilty plea to the charge of gross sexual imposition was not made knowingly, voluntarily and intelligently, and, as a result, the court's acceptance of that plea was in violation of Tackett's constitutional rights and Criminal Rule 11."
 {¶ 12} In this assignment of error, Tackett challenges his conviction on the basis that his guilty plea was not knowingly, intelligently, and voluntarily made. Specifically, Tackett claims that he did not fully understand the penalties involved since the trial court failed to advise him that he would be classified as a sexually oriented offender.
 {¶ 13} When an appellate court reviews a plea submitted by a defendant, its focus should be on whether the dictates of Crim. R. 11 have been followed. State v. Kelley (1991),57 Ohio St.3d 127. Crim.R. 11(C) provides in pertinent part:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant be compelled to testify against himself or herself."
 {¶ 14} In reviewing the record on appeal, the appellate court should inquire as to whether the defendant voluntarily and knowingly waived his constitutional rights. Kelley, supra. The United States Supreme Court in Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, identified those rights to include the following: (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Kelley, supra. Though Tackett's appeal does not pertain to the various constitutional rights of Crim.R. 11, the record reflects that the trial court explained all the constitutional rights he was entitled to during the trial court's colloquy.
 {¶ 15} Because Tackett's challenge on appeal does not raise constitutional issues, strict compliance is not the applicable standard of review. State v. Prodonovich, Lake County App. No. 2002-L-116, 2005-Ohio-3090. Instead, this appellate court review's the trial court's colloquy to insure that the court substantially complied with the mandates of Crim.R. 11(C).Prodonovich, supra. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 16} Tackett cites to the following portion of the court's colloquy as proof that he did not understand the implications of his guilty plea:
"Court: Also, since this may be a sexually oriented offense of gross sexual imposition, do you understand that the court will be required to hold a hearing to determine whether you are a sexual predator or a habitual sexual offender or a sexually oriented offender?
Tackett: Yes, sir."
 {¶ 17} Tackett finds error with the trial court's use of the word "may" as it relates to his status as a sexually oriented offender. Tackett claims that the word "may" misled him into believing the sexual offender status was not mandatory. This argument is unpersuasive.
 {¶ 18} During the colloquy with Tackett, the trial court not only informed him that it was required to hold a H.B. No. 180 hearing, but also informed Tackett of the registration requirements, the duration of the registration requirements, the penalties for failing to register, and that the facts of his crime may be posted on the Cuyahoga County Sheriff's web page. While informing Tackett of the above, the trial court couched the requirements in terms of a sexually oriented offender. Finally, the trial court stated the following, "the House Bill 180 hearing will be held at the time of sentencing." During this explanation, the trial court repeatedly asked Tackett if he understood and, each time, Tackett answered that he understood the consequences discussed.
 {¶ 19} After reviewing the record, we find that the trial court substantially complied with the requirements of Crim.R. 11(C). Moreover, Tackett's affirmative responses regarding the sexual offender classification demonstrate his understanding that he would be subject to such classification.
 {¶ 20} Again, it is not necessary for the record to establish the trial court's strict compliance with the nonconstitutional mandates of Crim.R. 11(C). Prodonovich, supra. Rather, because the totality of the circumstances demonstrate that Tackett subjectively understood the implications of his plea and the rights he was waiving, the record confirms the trial court's substantial compliance with Crim. R. 11(C). Accordingly, Tackett's first assignment of error is overruled.
 {¶ 21} In his second assignment of error, Tackett argues the following:
"The application of Ohio's sexual offender statute (R.C. Chapter 2950) to a case involving a domestic dispute between a couple living together as a family for more than a decade is unreasonable and arbitrary, and bears no rational relationship to the statute's purpose. As so applied, the statute violates due process under the Ohio and U.S. Constitutions, thereby requiring that the `sexually oriented offender' designation be vacated as to this defendant."
 {¶ 22} We note, initially, that Tackett failed to raise this argument in the trial court, resulting in a waiver of all but plain error. State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error exists only where there is a deviation from a legal rule, the error constitutes an `obvious' defect in the trial proceeding, and the error affected the defendant's `substantial right.'"State v. Sabo, Franklin App. No. 04AP-1114, 2006-Ohio-1521;Barnes, supra. Because Crim.R. 52(B) states only that a reviewing court "may" notice plain errors, an appellate court is not required to correct a forfeited error. Accordingly, plain error is recognized "with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Sabo, supra.
 {¶ 23} We decline to find plain error in this case. Tackett's alleged error, the application of the sexual offender statute to the facts of his case, is neither a deviation from a legal rule, an "obvious" defect in the trial proceeding nor does it affect Tackett's "substantial rights." Tackett pleaded guilty to gross sexual imposition in violation of R.C. 2907.05. Pursuant to R.C.2950.01(D)(1)(a), a "sexually oriented offense means * * * a violation of section * * * 2907.05 * * * of the Revised Code." Therefore, by pleading guilty, Tackett admitted to committing a sexually oriented offense. Additionally, the parties stipulated to a classification of sexually oriented offender, the trial court accepted the stipulation and labeled Tackett as such.
 {¶ 24} Because we do not find this case constitutes the exceptional circumstances required to notice plain error, we overrule Tackett's second assignment of error.
 {¶ 25} In his third and final assignment of error, Tackett argues the following:
"Tackett's trial counsel provided ineffective assistance of counsel by allowing Tackett to plead guilty to a charge that would result in a sexually-oriented offender label without first fully advising Tackett of the consequences of the plea, and by then stipulating to the `sexually oriented offender' designation and failing to challenge the constitutionality of R.C. Chapter 2950 on an `as applied' basis to Tackett's unique case."
 {¶ 26} In order to prevail on a claim for ineffective assistance of counsel, Tackett must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland, supra, 466 U.S. at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra,42 Ohio St.3d at 143.
 {¶ 27} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential."Strickland, supra, 466 U.S. at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 28} In the present case, Tackett cannot meet the elements of the Strickland test. Tackett claims that his counsel was deficient because counsel failed to correct the trial court when the court used the word "may" in conjunction with Tackett's future sexual offender status. However, when the entire record of the plea hearing is reviewed, it is clear that the trial court informed Tackett that he would be classified as a sexually oriented offender and that Tackett understood this consequence. Moreover, we have previously found in our discussion of the first assignment of error that the trial court substantially complied with the requirements of Crim.R. 11(C) when it accepted Tackett's plea. Accordingly, we cannot say that Tackett's trial counsel was deficient when counsel failed to object to the trial court's one-time use of the word "may."
 {¶ 29} Tackett also claims that his counsel was deficient because counsel stipulated to the sexually oriented offender classification, thereby failing to preserve a constitutional challenge to R.C. 2950 as it applied to his case. However, it is not unreasonable for an attorney, whose client has pleaded guilty to gross sexual imposition in violation of R.C. 2907.05, to stipulate to a sexually oriented offender classification. As stated above, pursuant to R.C. 2950.01(D)(1)(a), a "sexually oriented offense means * * * a violation of section * * * 2907.05
* * * of the Revised Code." Additionally, though Tackett raises a unique constitutional argument on appeal, we cannot place the burden upon trial counsel to raise every plausible argument at the trial court level. Our review of Tackett's trial counsel's performance is "highly deferential." Strickland, supra. As such, we cannot state that Tackett's trial counsel was deficient in stipulating to his client's status as a sexually oriented offender.
 {¶ 30} Because Tackett cannot meet the first prong of theStrickland test, we do not need to address the second prong. Accordingly, Tackett's third and final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Rocco, J., concur.
[1] The charge alleged rape in violation of R.C.2907.02(A)(1)(c).
[2] The charge alleged sexual battery in violation of R.C.2907.03(A)(2).
 Appendix Assignments of Error:
 "I. Tackett's guilty plea to the charge of gross sexualimposition was not made knowingly, voluntarily and intelligently,and, as a result, the court's acceptance of that plea was inviolation of Tackett's constitutional rights and Criminal Rule11.
 II. The application of Ohio's sexual offender statute (R.C.Chapter 2950)to a case involving a domestic dispute between acouple living together for more than a decade is unreasonable andarbitrary, and bears no rational relationship to the statute'spurpose. As so applied, the statute violates due process underthe Ohio and U.S. Constitutions, thereby requiring that the"sexually oriented offender" designation be vacated as to thisdefendant."
 III. Tackett's trial counsel provided ineffective assistanceof counsel by allowing Tackett to plead guilty to a charge thatwould result in a sexually-oriented offender label without firstfully advising Tackett of the consequences of the plea, and bythen stipulating to the "sexually oriented offender" designationand failing to challenge the constitutionality of R.C.Chapter 2950 on an "as applied" basis to Tackett's unique case."